289. The defendant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." *United States v. Montes–Pineda*, 445 F.3d 375, 379 (4th Cir.2006) (internal quotation marks omitted).

We have thoroughly reviewed the record and discern no error in the sentence of imprisonment imposed on remand. The district court properly calculated Mc-Manus' Guidelines range, in accordance with this court's direction in his prior appeal. The court provided a detailed explanation for the sentence it imposed, grounded in the § 3553(a) factors, and properly considered evidence of McManus' post-incarceration rehabilitation under *Pepper v. United States*, 562 U.S. 476, 131 S.Ct. 1229, 179 L.Ed.2d 196 (2011), when imposing a further variance below the Guidelines range. Moreover, McManus fails to rebut the presumption of reasonableness accorded his below-Guidelines sentence. *See Montes–Pineda*, 445 F.3d at 379. We therefore conclude his sentence is reasonable.

Both counsel and McManus question whether trial counsel was ineffective. We decline to reach these claims in this appeal. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. *United States v. Benton*, 523 F.3d 424, 435 (4th Cir.2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n. 1 (4th Cir.2010). Because there is no conclusive evidence of ineffective assistance of counsel on the face of the record, we conclude these claims should be raised, if at all, in a § 2255 motion. Moreover, while counsel addresses prosecutorial misconduct in the *Anders* brief, we find no colorable evidence of such misconduct on the record.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform McManus, in writing, of the right to petition the Supreme Court of the United States for further review. If McManus requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McManus.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED.*

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John A. BOYLES, Defendant–Appellant.**

**No. 14–4888.**

United States Court of Appeals, Fourth Circuit.

Submitted: March 17, 2015.

Decided: March 23, 2015.

The lone issue for our consideration is Boyles' claim that the district court erred in enhancing his offense level under USSG § 2D1.1(b)(1). We review the application of this Guidelines enhancement for clear error. *United States v. Manigan,* 592 F.3d 621, 630–31 (4th Cir.2010).

The Guidelines provide for a two-level increase in the defendant's base offense level for a drug offense "[i]f a dangerous weapon (including a firearm) was possessed[.]" USSG § 2D1.1(b)(1). The § 2D1.1(b)(1) enhancement is proper when the weapon at issue "was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction[,]" *Manigan,* 592 F.3d at 628–29 (internal quotation marks omitted), even in the absence of "proof of precisely concurrent acts, for example, gun in hand while in the act of storing drugs, drugs in hand while in the act of retrieving a gun." *United States v. Harris,* 128 F.3d 850, 852 (4th Cir.1997) (internal quotation marks omitted). "Rather, proof of constructive possession of the [firearm] is sufficient, and the Government is entitled to rely on circumstantial evidence to carry its burden." *Manigan,* 592 F.3d at 629. The defendant bears the burden of showing that a connection between his possession of a firearm and his narcotics offense is "clearly improbable." *Harris,* 128 F.3d at 853.

We conclude that Boyles failed to satisfy his burden. The two-level enhancement is well supported by the facts set forth in the presentence report, which Boyles did not contest. Particularly, upon execution of a search warrant for Boyles' property, the police discovered a loaded shotgun in the rear bedroom of Boyles' trailer. Earlier, Boyles had sold crack cocaine to a confidential informant in the kitchen of that same trailer. The search of the trailer also yielded indicia of drug trafficking, in-cluding paraphernalia, cash, and a digital scale, and individually packaged quantities of cocaine and crack cocaine were found on the curtilage of the trailer. We thus discern no clear error in the district court's application of the § 2D1.1(b)(1) enhancement.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED.*

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rickey Lee MILLER, Jr.,**
**Defendant–Appellant.**

**No. 14–4601.**

United States Court of Appeals,
Fourth Circuit.

Submitted: March 17, 2015.

Decided: April 1, 2015.

